IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:97cr36-RH

SHAWN LONG,

    Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE UNDER AMENDMENT 706

The defendant Shawn Long has filed two motions for a sentence reduction under United States Sentence Guidelines Amendment 706. But Amendment 706 does not change Mr. Long's guideline range. He thus is not eligible for a reduction. This order denies relief.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs

properly attributed to the defendant.  *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (hereafter cited as "*Guidelines Manual*").

Amendment 706 reduces the crack cocaine base offense level and provides a mechanism for calculating the base offense level in cases involving both crack and another drug.  Amendment 715 further refines the calculations.  In most circumstances, the amount of the reduction is two levels.

Amendment 706 became effective on November 1, 2007.  Amendment 715 became effective on May 1, 2008.

## II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date.  The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and

to the extent specified by the Commission.  The court may act on its own motion or on motion of a defendant or the Bureau of Prisons.  The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).  By its plain terms, the statute allows a reduction only when a defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in *Guidelines Manual* § 1B1.10.

III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendments 706 and 715 in the list of retroactive amendments.  The Commission imposed explicit limitations.  First, a court must not make a reduction unless Amendments 706 and 715 change the defendant's guideline range.  *See Guidelines Manual* § 1B1.10(a)(1).  Second, the Commission limited the extent of any reduction.  For a sentence within the original guideline range, a reduced sentence must not be below the low-end of the *amended* guideline

range.  *See Guidelines Manual* § 1B1.10(b)(2)(A).  But for a sentence that was below the original guideline range, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate."  *Guidelines Manual* § 1B1.10(b)(2)(B).  Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, nor less than the time the defendant has already served.

IV

Mr. Long was sentenced on May 1, 1998.  He was held responsible for 80 kilograms of crack.  Under *Guidelines Manual* § 2D1.1, the base offense level for an offense involving 1.5 kilograms of crack or more was 38.  Under Amendments 706 and 715, the base offense level for an offense involving 4.5 kilograms of crack or more is 38.  Thus Mr. Long's base offense level after adoption of Amendments 706 and 715, as before, is 38.  There were no adjustments to Mr. Long's base offense level, so his total offense level also was and is 38, his criminal history category remains I, and his guideline range remains 235 to 293 months.

I sentenced Mr. Long to 235 months, the low end of the range.  Because his guideline range has not changed, he is not eligible for a reduction under Amendments 706 and 715.

Mr. Long notes, though, that his indictment referred only to 50 grams of crack or more.  He says he should not have been held responsible for 80 kilograms.

*Case No: 4:97cr36-RH*

He says doing so was improper under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and related cases. But that is wrong. The guidelines are still with us. Facts that affect the guidelines need not be alleged in the indictment or proved at the trial. The remedial portion of *Booker* confirms this. To be sure, the guidelines were deemed mandatory when Mr. Long was sentenced and became advisory under *Booker*. But the law of the circuit is that this change is not retroactively applicable to cases that became final before *Booker* was decided. *See, e.g., Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Mr. Long was properly held responsible for 80 kilograms—his offense in fact involved that amount of crack—and he thus is not entitled to relief under Amendments 706 and 715.

IV

For these reasons,

IT IS ORDERED:

1. Defendant Shawn Long's motions for a sentence reduction (documents 735 and 739) are DENIED.

2. The clerk must provide a copy of this order to Mr. Long himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

3. If the government asserts that the presentence report ought not be made

available to the Federal Public Defender (for his consideration of whether to seek appointment or take further action) the government must file a notice so indicating by October 9, 2008.  If the government files no notice, then without further order the probation department may provide a copy of the presentence report to the Federal Public Defender, subject to the same restrictions on copying and disclosure as routinely attend the initial disclosure of a presentence report.

  SO ORDERED on August 25, 2008.

              s/Robert L. Hinkle
              Chief United States District Judge